The Memorandum Decision and Order below is hereby
signed.  Dated: February 15, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| ANTHONY HARRIS, | ) | Case No. 07-00585 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE APPLICATION TO PAY
FEE FOR CONVERTING CASE TO CHAPTER 11 IN INSTALLMENTS

The debtor commenced this case on November 6, 2007, by filing a petition under chapter 13 of the Bankruptcy Code (11 U.S.C.), but he is ineligible for relief under chapter 13 because he does not meet the debt limitations imposed by 11 U.S.C. § 109(e).  He accordingly moved on January 28, 2008, to convert his case to a case under chapter 11 of the Bankruptcy Code (11 U.S.C.), and has sought to pay the fee for conversion in installments.  If a party in interest opposes the motion to convert the case to chapter 11, the hearing on that motion will be held on February 15, 2008.  For the reasons discussed below, I conclude that if the case is converted to one under chapter 11, the debtor may pay the conversion fee in installments, but that the order granting the application must require that the final

installment be paid by March 5, 2008, the 120th day after the filing of the petition.

The hanging paragraph at the end of 28 U.S.C. § 1930(a) provides in relevant part:

> An individual commencing a voluntary case . . . under title 11 may pay such fee in installments.  For converting, on request of the debtor, a case under chapter . . . 13 . . . to a case under chapter 11 . . ., the debtor shall pay to the clerk of the court a fee of the amount equal to the difference between the fee specified [for commencing a case under chapter 11] and the fee specified [for commencing a case under chapter 13].

If the case is converted to chapter 11, therefore, the debtor will owe $765.00 for such conversion.  The debtor has already paid $191.25 (one-fourth of $765.00) of the fee that would arise upon the conversion of the case to chapter 11, and his application proposes to pay the balance of the fee in three equal installments on February 28, March 28, and April 28, 2008 (the last installment falling 91 days after he filed his application, but more than 120 days after he filed his petition).

The debtor's motion presents two questions.  Is the fee imposed on the debtor upon conversion of his case a filing fee (as opposed to a conversion fee or some other type of fee not addressed in Rule 1006) such that Rule 1006(b) applies and the fee may be paid in installments?  If so, what are the limits on when the installments may be paid?

I

Under 11 U.S.C. § 348(a), the conversion of a case "constitutes an order for relief under the chapter to which the case is converted," and, with exceptions of no relevance here, "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." Accordingly, the conversion of the case to chapter 11 would result in the case being treated as commenced under chapter 11 by a petition filed on the original date on which this case was commenced, November 6, 2007.  In combination, 11 U.S.C. § 348(a) and the hanging paragraph at the end of 28 U.S.C. § 1930(a) have the effect of treating the conversion order as commencing a chapter 11 case, effective as of the filing of the original petition and for which the $1,000.00 fee is owed, but with credit applied for amounts already paid by the debtor in connection with the chapter 13 case.

Had the case been originally commenced as a chapter 11 case, the debtor would have been authorized to pay in installments the $1,000.00 fee under 28 U.S.C. § 1930(a)(3) for commencing a chapter 11 case.  28 U.S.C. § 1930(a) (hanging paragraph at end); Fed. R. Bankr. P. 1006(b)(1).

It would be odd for the debtor, who made the misstep of filing for chapter 13 relief despite debt limit ineligibility under 11 U.S.C. § 109(e), to be deprived, by reason of his

temporary sojourn in chapter 13, of the opportunity to pay in installments the difference in chapter 11 and chapter 13 filing fees that becomes owed upon conversion of the case to chapter 11. Because 28 U.S.C. § 1930(a) in combination with 11 U.S.C. § 348(a) treat the debtor as owing the filing fee for the chapter 11 case as though the case originally was commenced as a chapter 11 case (in lieu of the filing fee for commencing the case as a chapter 13 case), it is appropriate to permit the fee owed upon converting the case to chapter 11 to be paid in installments.

By way of analogy, if a debtor commences a case under chapter 7 and secures a waiver of the filing fee, but the case is later converted to a case under chapter 13, the filing fee for the chapter 13 case (in which the fee may not be waived) is deemed owed, but may be paid in installments.  Thus, it makes sense that when a case under chapter 13 (in which the filing fee is less than in chapter 11) is converted to a case under chapter 11, the chapter 11 filing fee (after credit for the chapter 13 fee paid) is what is really being charged for the conversion of the case to one under chapter 11.  The fact that the fee becomes due incident to the conversion of the case does not alter the character of the fee as being that of a filing fee.

A debtor's inability to pay the chapter 11 filing fee immediately does not augur well for the debtor's prospects for successfully prosecuting a chapter 11 case to a confirmed plan,

but § 1930(a) bars the court's utilizing those dim prospects as a basis for denying an application to pay the filing fee in installments.  Similarly, such an inability to pay the fee for converting the case from a case under chapter 13 to a case under chapter 11 portends an unfavorable outcome in the chapter 11 case, but if the debtor is entitled to pay the fee in installments, the court may not seize on this bad omen as a basis for denying the application.

   For all of these reasons, I conclude that the fee for converting the case to one under chapter 11 may be paid in installments.  The next issue is how long the debtor may take to make such installment payments.

                                II

   Under Rule 1006(b)(2), the filing fee "shall be payable not later than 120 days after filing the petition."  Because § 348(a), with exceptions of no relevance here, treats the petition date as unaltered upon conversion of the case to chapter 11, the debtor must pay the conversion fee (the filing fee owed for commencing a chapter 11 case less a credit for the filing fee owed for commencing a chapter 13 case) within 120 days after the debtor filed his petition on November 6, 2007.  Accordingly, the court's order on the debtor's application will provide that the last installment must be paid by March 5, 2008.

III

Rule 1006(b)(2) further provides that "[f]or cause shown, the court may extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition."  However, in initially fixing the time for installments, the 120-day rule applies.  (Consistently, the Official Form for applying to pay the filing fee in installments includes no space for showing cause for extending the time of any installment.)  In any event, the debtor's application does not articulate any cause for altering the 120-day rule.  Moreover, as part of any such showing of cause, the debtor arguably would have to articulate why the case has any prospect of proceeding to a confirmed plan despite his inability to pay the fees in the case by day 120 after the petition filing date.

IV

In light of the foregoing, it is

ORDERED that the debtor's application is granted in part and denied in part.  It is further

ORDERED that if this case is converted to a case under chapter 11 of the Bankruptcy Code, the debtor shall complete payment of the fee for converting the case to chapter 11 by March 5, 2008.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Office of U.S. Trustee.